Elliot Brown v. Fall Mtn. School        CV-97-590-B    02/01/99

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Elliot W. Brown, Jr.

    v.                                      Civil No. 97-590-B

Fall Mountain Regional
 School Dist., et al.


O R D E R

Defendants Terrance Dimick, Stephen Varone, and Leo Corriveau, are alleged to be liable as supervisors.  In order to establish a claim based on 42 U.S.C. § 1983 against a supervisor, the plaintiff must demonstrate that: (1) a subordinate has violated the plaintiff's rights under federal law; and (2) the supervisor's conduct is affirmatively linked to the subordinate's illegal conduct in the sense that the supervisor failed to act or acted with deliberate indifference to the danger that the subordinate would engaged in the illegal conduct.  See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998).  "To demonstrate deliberate indifference, a plaintiff must show: (1) grave risk of harm; (2) the defendant's actual or constructive knowledge of that risk; and (3) his failure to take easily

available measures to address the risk." <u>Camilo-Robles v. Hoyos</u>, 151 F.3d 1, 7 (1st Cir. 1998), <u>cert. denied</u>, ___ S. Ct. ___, 1999 WL 16073 (1999).

When the record is construed in the light most favorable to the plaintiff, it would permit a reasonable fact finder to conclude that both elements of the supervisory liability test have been met with respect to each of the supervising defendants. First, the record would permit a finding that the plaintiff was subjected to an unconstitutional assault by Orville Perkins, a governmental official acting under color of state law, in violation of the plaintiff's constitutional rights. Second, the record would permit a finding that each of the supervisory defendants acted with deliberate indifference to plaintiff's constitutional right to be free from an unconstitutional assault by a governmental official. In support of this point, I note that the record would support a conclusion that (1) each defendant exercised supervisory authority over Perkins; (2) each defendant was aware that Perkins had allegedly harassed the plaintiff on numerous prior occasions; and (3) each defendant was aware that Perkins continued to harbor animosity toward the plaintiff that might provoke further assaults. Notwithstanding

this knowledge, defendants declined to take reasonable and prudent steps to prevent defendant Perkins from having unsupervised contact with the plaintiff under circumstances that could lead to further assaults. Accordingly, the plaintiff has produced sufficient evidence to permit a reasonable fact finder to find in his favor with respect to his supervisory liability claims.

Defendants also invoke the doctrine of qualified immunity. A defendant will be entitled to claim qualified immunity in response to a supervisory liability claim based on § 1983 if (1) the subordinate's conduct did not violate plaintiff's clearly established rights under federal law; (2) it was not clearly established that a supervisor would be liable under the circumstances presented for the subordinate's illegal conduct; or (3) the supervisor acted with objective legal reasonableness. See Camilo-Robles, 151 F.3d at 5-6. A legal right is "clearly established" for purposes of a qualified immunity claim where "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 5 n.3 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When the record in this case is construed in the light most favorable to the plaintiff, it will not support defendants' qualified immunity claim. First, if the assault occurred as the plaintiff alleges, it violated plaintiff's clearly established constitutional right to be free from assault at the hands of government officials. See generally, P.B. v. Koch, 96 F.3d 1298, 1302-03 (9th Cir. 1996) (denying qualified immunity to school principle sued for assaulting students). Second, the facts discussed above would support a finding that the supervisory defendants engaged in conduct that clearly would subject them to liability for their subordinate's constitutional violations. Finally, defendants cannot claim that they acted in an objectively reasonable manner if they knew what plaintiff asserts they knew and yet failed to take reasonable and prudent steps to shield the plaintiff from further contact with defendant Perkins. Accordingly, I deny the supervisory defendants' motion for summary judgment.

Plaintiff also claims that the Fall Mountain Regional School District is liable for the consequences of Perkins' alleged assault because it failed to properly train and supervise its employees with respect to the investigation of harassment claims

by students.  To establish a failure to train and/or supervise claim against a municipal entity such as a school district, a plaintiff must demonstrate that (1) the failure to train or supervise was the "moving force" behind a municipal employee's unconstitutional action; and (2) a municipal policymaker acted with deliberate indifference to the risk that municipal employees would engage in unconstitutional actions if they were not trained or supervised in the manner suggested by the plaintiff.  See Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir.), cert. denied, 118 S. Ct. 2370 (1998).

In this case, plaintiff has failed to identify the municipal policymaker who allegedly failed to supervise or train the defendants.  Nor has plaintiff described the training that should have been provided to the defendants or the supervision that the unidentified policymaker should have undertaken.  Thus, the record will not support a finding that the school district's failure to train or supervise defendants was the moving force behind the assaults.  Finally, plaintiff has failed to allege facts which would support a conclusion that a municipal policy-maker acted with deliberate indifference in failing to train or supervise defendants.  Accordingly, the school district is entitled to summary judgment with respect to plaintiff's claims

against it.

The defendants' motion for summary judgment is denied with respect to plaintiff's claims against the supervisory defendants and granted with respect to plaintiff's claim against the school district.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 1, 1999

cc:  Bradford W. Kuster, Esq.
     Donald Gardner, Esq.